In the matter of the claim for compensation of EDWARD L. LONG, injured employee of Big Horn Construction Company.

EDWARD L. LONG,
*Employee-Claimant and Appellant,*

vs.

BIG HORN CONSTRUCTION COMPANY,
*Employer-Respondent.*

(No. 2731; April 10th, 1956; 295 Pac. (2d) 750)

278

For the employee-claimant and appellant, the cause was submitted upon the brief and also oral argument of W. P. Farthing of Laramie, Wyoming.

For the employer-respondent, the cause was submitted upon the brief and also oral argument of Alfred M. Pence of Laramie, Wyoming.

## OPINION

SHELDON, District Judge.

Edward L. Long was injured while working as oiler on a power shovel owned and operated by Big Horn Construction Company in Carbon county, Wyoming. An award for temporary disability and medical expenses incurred as a result of his injuries were paid from the industrial accident fund without objection on the part of the employer. Upon being discharged from medical care Long made application for an award for total permanent disability. The employer objected to this claim and a hearing thereon was held by the District Court, resulting in the following findings and judgment:

"1. Said Employee admits misrepresenting his age by eight years, for the sole purpose of securing employment, when the rules and regulations of the Employer company prevented employment of men of Employee's age;

"2. A causal relation existed between (a) Employee's injury and his advanced age, and (b) Employee's advanced age and the permanent ill effects now claimed by Employee as growing out of said injury;

"3. Employee's age, even though he were now uninjured, prevents his present engagement in employment for which he claims to have been qualified;

"4. Employer has raised no objections to past payment of doctor bills, hospital expenses and temporary total disability of Employee.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

"1. Orders for payment of expenses and compensation hereinbefore made herein are confirmed;

"2. The said Employee's claim for permanent total disability is disallowed, and he shall take nothing by reason of his claim. Each of the parties hereto shall pay his own costs."

The employee-claimant appeals to this court from said findings and judgment, contending that the findings of fact numbered 2 and 3 above are contrary to the evidence and that the judgment is contrary to the evidence and to the law.

Mr. Long admits that in his application to the Big Horn Construction Company for employment he represented that he was 62 years of age, while in fact he was 70 years of age; that such representation was made because he was afraid that if he gave his correct age he would not be hired; that the company relied upon his representation as to age and that he would not have been employed if he had given his correct age.

The evidence discloses that the company has a hard and fast rule against the employment of anyone over 65 to work on heavy equipment and when employees reach that age they are retired. This company rule is based upon the belief that heavy construction work requires a young, agile, strong man capable of quick movement in a hazardous situation and that older men are inclined to get in the way of things and are unable to move or think fast enough to get out of the way.

Under the Workmen's Compensation Law an award of compensation for injuries incurred in extra-hazardous industry must be based upon a contract of employment either express or implied. 4 Wyoming Compiled Statutes, 1945, Cum. Supp. 1955, ch. 143, Session Laws of 1951, provides in part as follows:

72-103 (b) " 'Workmen' means any person who has entered into the employment of or works under contract of service or apprenticeship with an employer * * * * The term 'workman' shall include 'employee' and the term 'employee' shall include 'workman' * * *.

72-106. "The rights and remedies provided in this Act for an employee on account of any injury shall be exclusive of all other rights and remedies, at common law or otherwise, of such employee, his personal or legal representatives or dependent family on account of such injury; and the terms, conditions and provisions of this Act for the payment of compensation and the amount thereof for injuries sustained or death resulting from such injuries shall be exclusive, compulsory and obligatory upon both employers and employees coming within the provisions hereof."

The obvious question follows: Was the claimant's contract of employment nullified by his false representation as to his age? Although there are cases to the contrary, most jurisdictions have adopted the rule of law that employment induced by false or fraudulent representations, not going to the factum of the contract, is voidable and not void and, therefore, the relationship of employer and employee exists and compensation will be allowed for injuries sustained during such employment unless there is a causal connection between the injury and the misrepresentation. 58 Am. Jur. § 335, p. 809; 56 C.J.S. § 180e, p. 872; 71 C. J. 435; Annotation, 136 A.L.R. 1124.

The above rule appears to have been recognized and applied by the trial court in this case. The question before this court is whether or not the finding of the trial court that, "A causal relation existed between the employee's injury and his advanced age," is supported by competent evidence. Mr. Long described the accident which caused his injury as follows:

"The operator sent me underneath the shovel to release the dogs so he could go forward. The dogs were too tight, had to have some slack. I started out from under the shovel to tell him to give me a little slack and he swung the shovel and it caught my overalls and drug me over between the tracks and the bottom of the shovel."

The manner in which his overalls were caught is not related nor is the machine described, except on

cross-examination Mr. Long identified it as a drag line and stated that it was not the bucket which hit him but the shovel itself, which was 4½ feet high off the ground, and he had to stoop under. When asked if he saw the shovel swinging he testified:

"A. There wasn't anything I could do. I seen it swinging, yes, but it had already had me. It had caught in my clothing.

"Q. Caught in your clothing before you saw it, or saw it swinging and then caught?

"A. Just saw it started to swing; it had already caught me."

Mr. Long concluded his testimony with the statement that he didn't think a younger man could have been able to get away and that he didn't see how his age could have had anything to do with the accident.

Mr. Alfred L. Ellis, district safety engineer for the employer company, testified that he personally investigated this accident and knew approximately how the same took place and in his opinion age and agility had something to do with the accident; a quicker and faster man could have probably avoided it. He stated that it was the house on this machine which caught the employee's overalls and dragged him over the tracks; that the machine was high enough that he could have gotten from under easily; that he didn't see how the employee could avoid seeing the house, but assuming he had not seen it, agility would have had nothing absolutely to do with it. He also testified that the operator of the machine was required to get some signal from the oiler before starting any operation and that none was given in this instance.

Excepting for a description of the employe's injuries, the foregoing constitutes all of the evidence submitted to the court pertaining to the circumstances surrounding the accident. It is obvious that no factual information was available to the court from which it could

have been determined that the employee's age was instrumental in any way in either causing the accident or avoiding it. The court's findings must, therefore, have been based solely upon the opinion of the safety engineer which, at best, is equivocal, and the facts upon which he based his opinion were not presented to the court.

The general rule is that witnesses must testify to facts within their knowledge and may not state their opinions, such opinions being deemed irrelevant. There are exceptions to this rule, of course, such as witnesses who possess peculiar skill or knowledge, whose opinions may be received when the facts are such that the court presumptively without such skill or knowledge is likely to prove incapable of forming a correct judgment relative to the matter in hand without the aid of such opinion. Expert opinion may even be received as to the cause of an injury when expert or special knowledge would be of aid to the court on this subject. Chapter 13 Jones Commentaries on Evidence. In the instant case it does not appear that any particular skill or knowledge was required on the part of the safety engineer in arriving at the conclusion that the age or agility of the claimant had something to do with the accident. He might be an expert on safety factors on construction jobs generally, but there is no indication that he had any particular skill or knowledge which would aid him in forming an opinion as to the physical condition, agility or reflexes of the claimant at the time of his accident. Given a detailed account of the circumstances surrounding the accident in this case, the court should be as well qualified as the safety engineer to form an opinion as to the causal factors involved.

In the recent case of Macy v. Billings, Wyo. 289 P. 2d 422, 424, the opinion evidence of a highway patrol-

man as to the cause of a collision was viewed with disfavor, the court stating:

"That answer stated the ultimate fact which the court was called upon to answer, and the general rule undoubtedly is that 'an expert witness must not take the place of the jury and declare his belief as to the ultimate fact to be determined by it.'"

This language and the authorities therein cited are particularly applicable to the case at bar wherein the ultimate fact to be decided by the court was the causal relation, if any, between the employee's advanced age and the injury complained of. It must, therefore, be concluded that the opinion of the safety engineer was not competent evidence and the entire evidence in this case is insufficient to support the court's finding that there was a causal relation between the advanced age of the claimant and his injury.

Counsel for the employer forcefully contends that in this case the misrepresentation of age by the claimant goes to the factum of the contract of employment and, therefore, renders the same absoultely void from its inception, with the result that the claimant was a trespasser or mere licensee upon the job and, therefore, not entitled to compensation for his injuries. In support of this contention he cites the following authorities: Minneapolis, St. P. & S. Ste. M. R. Co. v. Rock, 279 U. S. 410, 49 S. Ct. 363, 73 L. Ed. 766, wherein the employee, having failed his physical examination, substituted a friend who took the physical examination in his name on a subsequent application, and the court held that his failure to disclose his true physical condition was a continuing wrong in the nature of a cheat nullifying the contract of employment; Fort Worth & D. C. Ry. Co. v. Griffith, Tex. Civ. App., 27 S. W. 2d 351, in which the employee in applying for the job of brakeman withheld the information that he was color blind, and the court found that there was a want of

mutuality and the minds of the parties never met; Clark v. Union Pac. R. Co., 70 Idaho 70, 211 P. 2d 402, in which the employee withheld the information at the time of employment that he was afflicted with epilepsy, and the court held that the question of whether or not his false or deceptive statements affected the factum of the contract should have been presented to the jury; Norfolk & W. Ry. Co. v. Bondurant's Adm'r., 107 Va. 515, 59 S.E. 1091, 15 L.R.A. (NS) 443, wherein a boy 17 years old was killed while riding on a locomotive as an apprentice fireman, he having obtained a permit upon his representation that he was 22, and the court held that he was in the same category as a passenger riding on the train without paying a proper fare and, therefore, a trespasser; Dawson v. Texas & P. Ry. Co., Tex. Civ. App., 45 S.W. 2d 367, wherein the employee failed to disclose that he had worked for another railroad where he had been injured and sued the company, and the court found that he secured and held his position by fraud and recovery was denied upon the grounds of public policy.

The last case above cited was later reversed by the Texas Supreme Court in Dawson v. Texas & P. Ry. Co., 123 Tex. 191, 70 S.W. 2d 392, 393, the court holding:

"It would be a hard ruling to say that because a person withholds a fact of the past which has no relation to his fitness for performing the duties of the employment he seeks, or to say that the misrepresentation of the existence of facts which likewise have no relation or bearing to such fitness, but go only to his desirability for employment, should put such a person outside the pale of protection from the negligence of the employer, and deprive him of any and all rights of redress from the effects of such negligence."

The case of Norfolk & W. Ry. Co. v. Bondurant's Adm'r., supra, was criticized in the case of Lupher v. Atchison, T. & S. F. Ry. Co., 81 Kan. 585, 106 P. 284, 25 L.R.A. (NS) 707, wherein the difference be-

tween employees and passengers is thoroughly analyzed. As to the remainder of the cases cited it will be noted that the court finds from the evidence to the effect that the false representations went to the factum of the contract of employment. This unquestionably is good law, but there must be evidence to support such a finding. Misrepresentation as to age, where the employee is otherwise qualified to perform his job, has repeatedly been held to be immaterial. Annotation, 136 A.L.R. 1126, IIa. The adoption by the employer company of a rule prohibiting the employment of anyone over 65 to work on heavy equipment is undoubtedly a salutary rule designed to promote safe operation on the part of the company generally. Because the rule exists, however, does not mean that all persons over 65 are in fact unfit to work on heavy equipment, and unless it is shown by the evidence that the employee was in fact unable because of his age to measure up to the physical and mental requirements of his job, then the court would be unable to find that his misrepresentations went to the factum of his contract of employment. The only evidence on this matter appearing in the record is the testimony of Long to the effect that his age did not handicap him in the performance of his duty as an oiler.

The trial court's finding that, "a casual relation existed between the Employee's advanced age and the permanent ill effects now claimed by the Employee as growing out of said injury" appears to be immaterial and has no bearing upon the employee's right to compensation providing it is determined that there was no causal relation between his age and the accident itself. 58 Am. Jur. 749, § 247; Matthews v. Atchison, T. & S. F. Ry. Co., 54 Cal. App. 2d 549, 129 P. 2d 435.

Likewise, the court's finding that the employee's age, even though he were now uninjured, prevents his engagement in employment for which he claims to have

been qualified appears to be immaterial, providing the claimant is otherwise qualified to receive compensation. His working ability immediately prior to the accident may be taken into consideration by the court as a basis for computing the extent of permanent partial or total disability in the event an award is made in this case.

*Reversed and remanded for new trial.*

BLUME, C. J., and HARNSBERGER, J., concur.