Rhyllis Rae OEDEKOVEN, Appellant
(Defendant below),

v.

Charles R. OEDEKOVEN, Appellee
(Plaintiff below).

No. 3820.

Supreme Court of Wyoming.

Oct. 14, 1970.

Bruce P. Badley, Sheridan, for appellant.

No appearance for appellee on appeal.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. McINTYRE, Justice, delivered the opinion of the court.

In a contempt proceeding, the district court denied a motion to quash service of process. The court also confirmed a bench warrant issued for the arrest of the alleged contemner.

A divorce was previously granted in an action brought by Charles R. Oedekoven, plaintiff, against Rhyllis Rae Oedekoven, defendant. Subsequently the husband initiated contempt proceedings against his wife for failure to surrender custody of minor children of the parties, as directed by the decree of divorce. The wife has appealed from the order which denied her motion to quash service and which confirmed the bench warrant for her arrest.

### Process

Service of the order to show cause on Mrs. Oedekoven was attempted in South Dakota, by certified mail. A minor under 14 years of age signed for such mail. The only claim made on behalf of appellant is that the district court erred in overruling defendant's motion to quash service. It is argued service was not made in compliance with Rule 4, W.R.C.P.

We wish to point out there is no contention that constructive service or service by mail outside of the state is not available for service in a contempt proceeding such as the one being dealt with. Therefore, and especially in the absence of a brief on behalf of appellee, we do not pretend to pass on the question of whether constructive service out of the state can be had for a contempt proceeding like the one here involved.

We do find the attempted service was in any event defective and not sufficient to give the court jurisdiction over the person of defendant.

Rule 4(*l*) (2), W.R.C.P., provides, in all cases where service by publication can be made under the rules, the plaintiff may obtain service by registered mail, such mail to be sent by the clerk with a request for a "return receipt signed by addressee only." Section 1–48.1, W.S.1957, 1969 Cum.Supp., specifies, wherever required by statute, rule of court or otherwise that service be made or notice given by registered mail, such requirement may be satisfied by use of certified mail and proof of mailing.

There is nothing in § 1–48.1, however, which eliminates the requirement for requesting a return receipt signed by addressee only. The mail in this instance was not sent with a request for a return receipt signed by addressee only; it was not delivered to addressee; and the addressee did not sign a return receipt.

In National Supply Company v. Chittim, Wyo., 387 P.2d 1010, 1011, we said the requirements of Rule 4 are minimum; that any omission of statements which are requisite under the rule is fatal; and that the omission involved in that particular case prevented the trial court from securing jurisdiction of defendant. The same reasoning applies to the failure to follow Rule 4(*l*) (2) in the case we are now considering.

Therefore, disregarding the question of whether service could properly be made by mail in this proceeding, we hold the attempted service by mail defective in any event. Hence, the order overruling the motion and purporting to confirm the bench warrant is without basis and void.

The motion made in district court, on behalf of defendant, to quash service merely asked for an order vacating the order to show cause and quashing the alleged or pretended service. Even though the service was defective and void, there of course would be no reason to vacate the order to show cause. It may still be properly served.

Reversed.