ROCKY MOUNTAIN ADJUSTMENT COMPANY, a Wyoming Corporation, Plaintiff and Respondent,

v.

PEASE BROTHERS, INC., a Utah Corporation, Defendant and Appellant.

No. 16356.

Supreme Court of Utah.

Dec. 12, 1979.

Robert M. McRae, of McRae & DeLand, Vernal, for defendant and appellant.

Gayle F. McKeachnie and Clark B. Allred, Vernal, for plaintiff and respondent.

PER CURIAM:

This is an appeal from a summary judgment in favor of the plaintiff who brought this action seeking enforcement of a Wyoming judgment.

The plaintiff, a collection agency and the assignee of an unpaid account allegedly owing by the defendant to Murane and Bostwick, Wyoming attorneys, brought an action against the defendant, which is a Utah corporation, in the Seventh Judicial District Court of Natrona County, Wyoming, for legal services rendered to defendant while it was transacting business in Wyoming. Summons was served on the defendant pursuant to Rule 4(*l*) of the Wyoming Rules of Civil Procedure, by mailing a copy of the complaint and summons by certified mail to the defendant at 120 East Main Street, Vernal, Utah, where it maintains an office. The letter bearing the summons and complaint was received and accepted by one S. R. King, who was in that office, but whose official capacity, if any, is not disclosed by the record. He signed the return receipt provided by the postal service.

The defendant failed to answer the complaint, and a judgment by default was entered against it in the Wyoming court.

The following month the present action was filed in the District Court of Uintah County, Utah, seeking enforcement of the Wyoming judgment, under the full faith and credit clause of the U.S. Constitution.

Defendant answered that complaint, raising the defense that the Wyoming judgment was void because the court there lacked personal jurisdiction over it on the grounds that service by certified mail on S. R. King did not comply with Rule 4(*l*), Wyoming Rules of Civil Procedure. The court below granted a motion for summary judgment made by the plaintiff and overruled the defense raised by defendant.

Rule 4(*l*) provides:

(*l*) Other service; personal service outside the state; service by registered mail. —In all cases where service by publication can be made under these rules, or without publication by either of the following methods:

(1) Personal Service Outside the State. —By delivery to the defendant of copies of the summons and complaint.

(2) Service by Registered or Certified Mail.—Upon the request of any party the clerk shall send by registered or certified mail a copy of the complaint and summons addressed to the party to be served at the address given in the affidavit required under subdivision (f) of this rule. The mail shall be sent marked "Restricted Delivery," requesting a return receipt *signed by the addressee or the addressee's agent who has been specifically authorized in writing by a form acceptable to, and deposited with, the postal authorities.* When such return receipt is received signed by the addressee or his agent the clerk shall file the same and enter a certificate in the cause showing the making of such service. [Emphasis added.]

Defendant contends that the return receipt did not bear the signature of the addressee or the addressee's specifically authorized agent as required by Rule 4(*l*) and that S. R. King who signed the return receipt is neither an officer nor an authorized process agent for defendant. Plaintiff does not claim that S. R. King was an officer or that he had been specifically authorized in writing to receive restricted delivery mail of the corporation, but contends that he is the person who is regularly in the defendant's office when mail is delivered by the

postal carrier, and that defendant has suffered or allowed Mr. King to receive certified and registered mail.

The Supreme Court of Wyoming on a number of occasions has required strict adherence to the civil rules of procedure of that state in gaining jurisdiction of a nonresident defendant. *In Re Estate of Lonquest,* Wyo., 526 P.2d 994, the court stated:

Nonresident service-of-process statutes are in derogation of the common law and are given a strict construction, each step prescribed is jurisdictional and a condition precedent to completion of service of process upon a nonresident defendant.

This rule was applied in *Oedekoven v. Oedekoven,* Wyo., 475 P.2d 307, where there was an attempt to serve a nonresident defendant by registered mail in compliance with Rule 4(*l*)(2) which at that time required the return receipt to be signed by "addressee only." The return receipt was signed by a minor 14 years of age not the defendant and the court quashed the service of summons as not complying with the rule.

Even in cases involving personal service within the state the Wyoming court has strictly interpreted its rules and required the same close adherence as in cases involving nonresidents. In *Pease Brothers Inc. v. American Pipe and Supply Co.,* Wyo., 522 P.2d 996, personal service was made upon an employee of the defendant corporation outside the county in which the action was brought. The applicable rule (4(d)(4)) permitted service upon an employee where he was found in the county in which the action was brought. Again, in *Bryant v. Wyobro Federal Credit Union,* Wyo., 544 P.2d 1010, the defendant was served by delivering a copy of the summons to one D. Hendrickson who represented himself to the sheriff to be an agent of the defendant but at a hearing held to set aside a default judgment, no evidence was produced that Hendrickson had ever been authorized as agent for such service. In both cases the court held jurisdiction of the defendant had not been acquired and the judgment against the defendant was void.

Turning now to the instant case, we conclude that the plaintiff did not strictly comply with Rule 4(*l*)(2) when it mailed summons and complaint to the defendant's office in this state and the certified letter was received and receipted for by S. R. King. That rule required the return receipt to be signed by the "addressee" or "addressee's agent who has been specifically authorized in writing by a form acceptable to, and deposited with, the postal authorities." Mr. King was neither. The fact that defendant is a corporation and had apparently never authorized in writing an agent to receive its restricted delivery mail would not justify us to hold that receipt by a person who is regularly in defendant's office, such as S. R. King, satisfied the rule. It is significant to note that Rule 4(d)(1) governing personal service upon an individual within the state allows service to be made at defendant's usual place of business upon any employee then in charge. Under this rule service upon a receptionist in the office of a defendant was upheld in *Oxley v. Mine and Smelter Supply Co.,* Wyo., 439 P.2d 661. But Rule 4(*l*)(2) governing service on nonresidents does not accord this latitude and we can only conclude that it was purposely drawn that way. Furthermore, other means of gaining service on defendant existed such as personal service upon one of its officers outside Wyoming (Rule 4(*l*)(1)).

The summary judgment below is reversed and the case remanded for appropriate action. Costs awarded to defendant.