MN, Appellant (Petitioner),

v.

CS and PTS, Appellees (Respondents).

No. C-95-2.

Supreme Court of Wyoming.

Dec. 15, 1995.

Richard Beckwith .of Greenhalgh and Beckwith, P.C., Rock Springs, for Appellant.

No appearance for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

The issue in this case is whether a default judgment, entered on the heels of improper service of process, can be enforced. Defective service of process renders any subsequent judgment a nullity. The district court's denial of the Motion to Set Aside Default Judgment is reversed and the matter is remanded to the district court for further proceedings.

## I. ISSUES

Appellant raises the following questions on appeal:

I. Were there defects in the service of process?

A. Did the Third Judicial District Court have the personal jurisdiction necessary to enter a judgment against the Appellant?

II. Does Rule 12 of the Wyoming Rules of Civil Procedure contemplate post-judgment motions?

A. Did the Appellant waive his right to object to a void judgment when he failed to raise the issue in his first post-judgment Motion to Set Aside Default?

B. Can Appellant's failure to allege defects in the service of process in his original post-judgment Motion to Set Aside Default resurrect a void judgment?

Appellees did not file an appellate brief.

## II. FACTS

CS filed suit against MN seeking to establish that MN was the father of her child, PTS. The complaint was not served upon MN personally. Rather, upon the advice of counsel, the complaint was left with MN's employer at MN's place of employment on October 17, 1989. MN did not respond to the complaint in a timely fashion. On February 28, 1990, the district court entered an Order, Judgment and Decree of Paternity. MN filed a Petition to Determine Non–Existence of Paternity and a Motion to Set Aside Default Judgment. CS then filed a Motion to Dismiss. The district court dismissed the Petition to Determine Non–Existence of Paternity; denied the Motion to Set Aside Default Judgment; and granted CS's Motion to Dismiss on January 23, 1995. MN now appeals.

## III. DISCUSSION

█ This case turns on the fact that CS never properly served MN with the complaint. W.R.C.P. 4(d) provides, in pertinent part:

(d) *Personal service.*—* * * Service shall be made as follows:

(1) Upon an individual other than a person under 14 years of age or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or by leaving copies thereof * * * at the defendant's usual place of business with an employee of the defendant then in charge of such place of business[.]

It is clear that the rule does not authorize service of process on a defendant's employer. The record, however, reveals that CS served process on MN's employer at MN's place of business. This is not an authorized method of serving process and is, therefore, defective.

█ We have held, repeatedly, that service of process must strictly comply with the

requirements set forth in W.R.C.P. 4. *See In Interest of DG*, 825 P.2d 369, 374–77 (Wyo.1992); *Bryant v. Wybro Federal Credit Union*, 544 P.2d 1010, 1012 (Wyo.1976); and *Oedekoven v. Oedekoven*, 475 P.2d 307, 308 (Wyo.1970). When service of process is lacking or is otherwise defective, the district court lacks jurisdiction to enter a judgment or order. *In Interest of DG*, 825 P.2d at 376–77 (*quoting Goss v. Goss*, 780 P.2d 306, 312 (Wyo.1989)). Therefore, the order establishing MN's paternity was void *ab initio* and is of no force or effect. *In Interest of DG*, 825 P.2d at 376–77 (*quoting Goss*, 780 P.2d at 312).

## IV. CONCLUSION

The decision of the district court to deny MN's Motion to Set Aside Default Judgment is reversed. This matter is remanded to the district court for further proceedings consistent with this opinion.