In The Matter of the Worker's Compensation Claim of Alice D. FRENCH, Appellant (Employee/Claimant),

v.

AMAX COAL WEST, Appellee

(Employer/Objector),

and

State of Wyoming, ex rel., Wyoming Workers' Compensation Division, Appellee (Respondent).

No. 97–121.

Supreme Court of Wyoming.

Aug. 19, 1998.

Donald J. Sullivan of Sullivan Law Offices, P.C., Cheyenne, for Appellant(Employee/Claimant).

Catherine MacPherson of MacPherson Law Offices, LLC, Rawlins, for Appellee Amax Coal West.

William U. Hill, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, Cheyenne, for Appellee State ex rel. Wyoming Workers' Compensation Division.

Before LEHMAN, C.J., and THOMAS, GOLDEN and TAYLOR,* JJ., and KALOKATHIS, District Judge.

TAYLOR, Justice.

Appellant challenges the order of the district court affirming the Medical Commission's denial of her claim for worker's compensation benefits. Appellant claims the Medical Commission was without jurisdiction to hear her case and exceeded its statutory

* Chief Justice at time of oral argument.

authority in deciding issues of law. Finding that appellant's case was not a "medically contested case" as required by Wyo. Stat. § 27–14–616 (Cum.Supp.1994), we reverse the district court and remand.

## I. ISSUES

Appellant, Alice D. French (French), presents eight issues framed in argumentative language and of dubious factual accuracy. We therefore choose to list here the headings of the three arguments contained in French's appellate brief:

I: [Whether] [t]he exercise of jurisdiction by the Medical Panel in the circumstances of this case was wholly erroneous and improper.

II: [Whether] [t]he Medical Panel usurped the roles of the Legislature and of the Supreme Court, improperly created a new "defense at law" to worker's compensation claims and improperly applied its new rule retroactively to this case.

III: [Whether] [t]he rulings of the Medical Panel ignore and violate the plain provisions of the Wyoming worker's compensation statute.

The employer, Amax Coal West (Amax), as appellee, responds with the following issues:

1. Whether the Medical Commission had jurisdiction to hear and decide all issues in this case?

2. Whether the Medical Commission's decision was arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law or unsupported by substantial evidence?

State ex rel. Wyoming Workers' Compensation Division (Division) joined the appellate brief filed by Amax and asserted the same arguments.

## II. FACTS

French was employed as a coal haul truck driver for Amax. On January 8, 1995, after finishing her lunch break in the haul truck, she resumed driving, became nauseated, and "passed out." The haul truck continued moving, proceeding over the highwall, where it fell to the coal pit below. The accident resulted in a head laceration, broken nose and teeth, and injury to French's back. At the time of the accident, it was windy and cold, and there had been two haul trucks parked up-wind, adjacent to French's haul truck throughout her lunch break. On these facts, French surmised that carbon monoxide poisoning caused her to lose consciousness.

Following the accident, French was taken to the hospital emergency room where Dr. Sara Hartsaw noted that the patient was taking Tegretol (an anti-convulsant medication), and had a history of seizures "which feel like fainting, last one, 1 yr. ago." After filing her claim for worker's compensation benefits with the Division, the Division requested information concerning why and when Tegretol was prescribed so the compensability of the case could be determined. On February 8, 1995, the Division issued its final determination denying benefits, stating that the "[m]edical records indicate your injury was caused by a loss of consciousness due to a pre-existing medical condition (seizures)." Through her attorney, French replied to the Division's request for information, explaining that her lost consciousness was likely due to carbon monoxide from the exhaust of the haul trucks, and that she was not claiming benefits for the condition which caused her to lose consciousness but only for the injuries she sustained from the accident at work. In response, the Division issued an amended final determination finding her injuries to be compensable.

Amax then filed an objection to the Division's determination and requested a hearing, claiming French did not suffer an "injury" as defined in Wyo. Stat. § 27–14–102(a)(xi) (Cum.Supp.1994). Amax alleged that the condition which caused the accident existed at the time French sought employment, even though her work application stated she did not have and did not suffer from seizures. Therefore, the injury did not arise out of and in the course of employment. At the same time, the employer filed a request that this case be referred to the Medical Commission because "the issues involved are complex issues of medical causation best resolved by a medical hearing panel."

The Division referred the case to the Medical Commission on March 29, 1995. The Medical Commission issued its initial scheduling order on April 6, 1995, in which it requested, among other things, that the parties identify the "contested medical issues to be determined at the hearing[.]" The parties were not asked to identify legal issues. On June 19, 1995, the Medical Commission issued an order setting an evidentiary hearing for August 30, 1995, and designating the hearing panel members. On the same day, the Medical Commission issued a second order which contained a section entitled "Judicial Notice Taken:"

Under W.S. § 16-3-108(d) and Chapter 8, § 1(g)[1] of the Regular Rules of the Medical Commission, the hearing panel takes judicial notice of the following:

1. The fact that neuro-induced or neurogenic syncope is not a coronary condition.
2. The decision of the Wyoming Supreme Court in *Long v. Big Horn Construction Company*, 75 Wyo. 276, [295] P.2d 750 (1956).[2]

The parties shall be afforded an opportunity to address the judicial notice taken by the Medical Commission hearing panel through the submission of briefs on these issues by August 1, 1995.

No party submitted briefs addressing the judicial notice. However, on August 22, 1995, after continuing discovery, discussion, and clarification of the issues, the parties stipulated to relevant facts and, concluding that resolution of the case rested primarily on issues of law, the parties requested termination of the case and referral of the proceedings to the Office of Administrative Hearings. This request was denied in an

Order Rejecting Stipulation, which stated in relevant part:

The Medical Commission is prohibited by statute from reviewing the decision to refer a case to the commission for hearing [Wyo. Stat. § 27-14-616(b)(iv) ]. The statute grants authority to the Medical Commission to "hear and decide *all issues* related to the written notice of objection." Though W.S. § 27-14-616(e) specifically provides that parties may agree to have a case transferred from the Office of Administrative Hearings to the Medical Commission for hearing, no provision is made to permit parties to transfer a case before the Medical Commission to the Office of Administrative Hearings, as anticipated by said STIPULATION filed herein.

(Emphasis in original.)

The transcript of the evidentiary hearing before the medical hearing panel on August 30, 1995 indicates that the parties filed a second stipulation with a request to certify the legal issues to the district court. The factual stipulations were accepted. However, the medical hearing panel reserved for later determination whether it would accept the parties' stipulations as to the legal issues and whether it would reconsider certification of the issues to the district court. After the close of the hearing and the receipt of additional employment and medical records, the medical hearing panel entered its decision on December 12, 1995.

The medical hearing panel found that an exact diagnosis of the condition which caused French to lose consciousness at the time immediately preceding the accident was not necessary. Instead, the medical hearing ,

---

1. Chapter 8, § 1(g) of the Regular Rules of the Medical Commission provides:

 Notice may be taken of judicially cognizable facts, along with technical or scientific fact within the agency's specialized knowledge or information, provided the parties are properly notified of any material facts noticed.

2. In *Long*, an injured worker misrepresented his age in order to procure employment. His claim for benefits was denied on the basis of the misrepresentation. On appeal, we noted:

 [M]ost jurisdictions have adopted the rule of law that employment induced by false or

fraudulent representations, not going to the factum of the contract, is voidable and not void and, therefore, the relationship of the employer and employee exists and compensation will be allowed for injuries sustained during such employment unless there is a causal connection between the injury and the misrepresentation. *Long v. Big Horn Const. Co.*, 75 Wyo. 276, 295 P.2d 750, 752 (1956). We acknowledged that this was the law of the case, but reversed the district court because there was insufficient evidence to support the element of causation. However, this decision did not directly review the application of this rule of law to the Wyoming Worker's Compensation Act.

panel reviewed her medical records preceding the incident and compared her earlier reports of symptoms to the symptoms reported after the incident. Based on this comparison, the medical hearing panel concluded that French's loss of consciousness was caused by the same condition she experienced prior to seeking employment with Amax. The medical hearing panel further determined that French had knowingly misrepresented her physical status to the employer, and had she correctly apprised the employer of her condition, she would not have been hired. In conclusion, the medical hearing panel stated:

> Ms. French has failed to show, by a preponderance of the evidence, that the injuries she incurred as a result of a fainting episode on January 8, 1995, while in the employ of Amax Coal West, are compensable under *Long v. Big Horn Construction Company,* 75 Wyo. 276, [295] P.2d 750 (1956).

French timely filed an appeal to the district court, which affirmed the Medical Commission's decision. This appeal followed.

## III. STANDARD OF REVIEW

Review of an appeal from an administrative decision is governed by the provisions of Wyo. Stat. § 16–3–114(c)(ii)(C) (1997), which directs a reviewing court to "[h]old unlawful and set aside agency action, findings and conclusions found to be * * * [i]n excess of statutory jurisdiction, authority or limitations or lacking statutory right[.]" *Russell v. State ex rel. Wyoming Workers' Safety and Compensation Div.,* 944 P.2d 1151, 1155 (Wyo.1997). The interpretation of statutes is a question of law to be reviewed *de novo. Painter v. State ex rel. Wyoming Workers' Compensation Div.,* 931 P.2d 953, 954 (Wyo.1997); *Chevron U.S.A., Inc. v. State,* 918 P.2d 980, 983 (Wyo.1996). When considering an appeal from a district court's review of agency action, we accord no special deference to the district court's conclusions. *Matter of Fisher,* 914 P.2d 1224, 1226 (Wyo. 1996). Instead, we review the case as if it had come directly to us from the administrative agency. *Id.*

An administrative agency has only the powers granted to it by statute, and the justification for the exercise of any authority by the agency must be found within the applicable statutes. A statute will be strictly construed when determining the authority granted therein. In other words, " 'any reasonable doubt of existence of any power must be resolved against the exercise thereof. A doubtful power does not exist.' " *US West Communications, Inc. v. Wyoming Public Service Com'n,* 907 P.2d 343, 346 (Wyo.1995) (*quoting Montana Dakota Util. Co. v. Pub. Serv. Comm'n,* 847 P.2d 978, 983 (Wyo. 1993)).

## IV. DISCUSSION

Essentially, French argues that the medical hearing panel was without jurisdiction to hear her case because it was not a "medically contested case." Our well known rules of statutory construction provide that we read unambiguous statutory language to give meaning to each word or phrase and so as not render any part superfluous. *Russell,* 944 P.2d at 1155.

The Medical Commission, created in 1993 by Wyo. Stat. § 27–14–616, effective January 1, 1994, is assigned a number of duties, one of which is to furnish three members to serve as a medical hearing panel to determine the cases referred by the Division for hearing. Wyo. Stat. § 27–14–616(b)(iv), in effect at the time of this hearing, provided in pertinent part:

> (iv) * * * The division shall refer medically contested cases to the commission for hearing by a medical hearing panel. The decision to refer a contested case to the clerk of court for referral to the office of administrative hearings or a medical hearing panel established under this section shall not be subject to further administrative review. Following referral by the division, the hearing examiner or medical hearing panel shall have jurisdiction to hear and decide all issues related to the written notice of objection filed pursuant to W.S. 27–14–601(k). * * * When hearing a medically contested case, the panel shall serve as the hearing examiner and shall have exclusive jurisdiction to make the fi-

nal administrative determination of the validity and amount of compensation payable under this act.

 The plain and unambiguous statutory language limits the jurisdiction of the medical hearing panel to "medically contested cases," but did not define this term within the statute. Picking up the reins, the Division adopted the following definition in its rules and regulations:

> (f) *Contested Case Proceedings.* Upon receipt of a request for hearing, the division shall immediately transmit a copy of the request to the appropriate clerk of district court for referral to the hearing examiner. The transmittal shall identify the Office of Administrative Hearings (OAH) or Workers' Compensation Medical Commission as the appropriate hearing examiner.
>
> (i) For purposes of referring contested cases to the Workers' Compensation Medical Commission for hearing— W.S. § 27–14–616(b)(iv), the phrase "medically contested cases" shall include those cases in which the *primary* issue is:
>
> (A) A worker/claimant's percentage of physical impairment;
>
> (B) Whether a worker/claimant is permanently totally disabled;
>
> (C) Whether a worker/claimant who has been receiving temporary total disability benefits remains eligible for those benefits under W.S. § 27–14–404(c);
>
> (D) Any other issue, the resolution of which is *primarily* dependent upon the evaluation of conflicting evidence as to medical diagnosis, medical prognosis, the reasonableness and appropriateness of medical care, or the appropriate-

ness of fees charged by a health care provider.

Wyoming Workers' Compensation Rules, Regulations and Fee Schedule, ch. 5, § 3 (July 1994) (emphasis added). " 'When rules are adopted pursuant to statutory authority and are properly promulgated, they have the force and effect of law.' " *Wagoner v. State, Dept. of Admin. and Information,* 924 P.2d 88, 90 (Wyo.1996) (*quoting Fullmer v. Wyoming Employment Sec. Com'n,* 858 P.2d 1122, 1123–24 (Wyo.1993) and *citing Drake v. State ex rel. Dept. of Revenue and Taxation,* 751 P.2d 1319, 1322 (Wyo.1988)).

The issues determined by the medical hearing panel in French's case are not found within the definition of a medically contested case. By order dated June 19, 1995, the medical hearing panel judicially noticed the decision in *Long v. Big Horn Const. Co.,* 75 Wyo. 276, 295 P.2d 750 (1956) as providing law relevant to the resolution of this case.[3] Thus, as early as June 19, 1995, the medical hearing panel indicated that the "primary" issue in French's case may involve a question of law.

By the time of the hearing, the legal issues of the case had clearly taken precedence over the medical issues. All parties agreed that legal issues, yet to be expressly decided in Wyoming case law, controlled the outcome of the case. In its final order, the medical hearing panel stated:

> We recognize that the specific medical diagnosis of Ms. French's loss of consciousness need not be determined. Though a definitive diagnosis prior to that offered by Dr. Li on August 10, 1995 would be helpful, it is not imperative.

The only medical issue was whether French's loss of consciousness was caused by her preexisting condition. However, the medical hearing panel expressly stated that this determination did not require an evaluation of conflicting diagnoses.[4] Thus, there were no

---

**3.** We do not reach the propriety of taking "judicial notice" of case law under the Rules of the Medical Commission or W.R.E. 201.

**4.** The medical hearing panel found:

. The symptoms preceding these episodes beginning in December 1992 bear great similarity to the prodrome Ms. French experienced on January 8, 1995. Dr. Li, Dr. Hartsaw, Dr.

Howell and Dr. Tschida all describe symptoms consistent with neuro-mediated syncope. Dr. Johnson, apparently, did not have enough clinical information available to him to reach a conclusion regarding the exact nature of Ms. French's episodes. However, his consultation does not contradict Dr. Li's definitive diagnosis.

issues which fell within the Division's definition of a "medically contested case." Instead, the primary issue in this case was the extent to which our holding in *Long*, 75 Wyo. 276, 295 P.2d 750 would apply to a factual situation in which the claimant knowingly misrepresented her health status to her employer. A subsidiary legal issue was whether the applicability of *Long* was to be vitiated by the claimant or whether an alleged misrepresentation constituted an affirmative defense to be raised by the employer. Consequently, this case was not within the statutory jurisdiction of the Medical Commission.

Amax argues that subject matter jurisdiction was conferred at the time of the Division's referral when it appeared that the case depended upon the evaluation of conflicting evidence as to medical diagnosis. Subject matter jurisdiction is the power to hear and determine cases of a certain class. "It either exists or it does not, and before proceeding to a disposition on the merits, a court should be satisfied it does have the requisite jurisdiction." *In Interest of MKM*, 792 P.2d 1369, 1373 (Wyo.1990). We cannot agree that the Division's decision to refer the case to the Medical Commission, a decision which must be made "immediately" and with only limited information, overrides statutory jurisdictional limitations. *See* Wyo. Stat. § 27–14–601(k)(v) (Cum.Supp.1994). The difficulty, however, is that the statute is silent as to what should be done when it is apparent, after referral of a case to the Medical Commission, that the matter is not a "medically contested case."

Relying on the legislature's pronouncement that "[t]he decision to refer a contested case to the clerk of court for referral to the office of administrative hearings or a medical hearing panel * * * shall not be subject to further administrative review," the medical hearing panel rejected the attempts of the parties to have the case transferred to the Office of Administrative Hearings or to certify the legal issues to the district court. Wyo. Stat. § 27–14–616(b)(iv). The decision to retain jurisdiction over the case was buttressed by citing to Wyo. Stat. § 27–14–616(e), which provides:

Upon agreement of all parties to a case, the hearing examiner in a contested case under this chapter may transfer a medically contested case to a medical hearing panel or may seek the advice of the medical commission on specified medical issues in the contested case. The advice shall be in writing and shall become part of the record of the case.

The medical hearing panel determined that the absence of a corollary provision allowing transfer from the medical hearing panel to the Office of Administrative Hearings precluded the movement of the case to another decision-making forum.

In *Russell*, 944 P.2d at 1154, we held that the Division's referral of a contested case to the Office of Administrative Hearings confers subject matter jurisdiction upon that office. Wyo. Stat. § 27–14–616(e) provides that the Office of Administrative Hearings *may* transfer a medically contested case which has been referred to that agency or to seek the advice of the Medical Commission on specified medical issues. The use of the permissive "may" authorizes the Office of Administrative Hearings to hear all contested cases which are referred by the Division. In contrast, Wyo. Stat. § 27–14–616(b)(iv) directs the Division to refer only "medically contested cases" to the medical hearing panel. The exclusive jurisdiction of the medical hearing panel to make the final determination of the validity and amount of compensation payable arises only *"[w]hen hearing a medically contested case."* Wyo. Stat. § 27–14–616(b)(iv) (emphasis added). There is no statutory exception to this jurisdiction.

There is no doubt that many contested worker's compensation claims involve both legal and medical issues. The hearing examiners in the Office of Administrative Hearings, previously vested with sole jurisdiction to hear these claims, have professional legal training and must be members in good standing of the Wyoming State Bar. Wyo. Stat. § 9–2–2201(c) (1997). The law has long recognized the limitations of a legally trained fact finder in circumstances which require a special expertise accumulated through extensive professional training and experience. In many such instances, the courts have sought

counsel from special masters to assist in a factual understanding of the complex issues presented. The creation of the Medical Commission reflects the legislature's recognition that many contested claims involve complex medical issues, and in some cases, those issues are dispositive. Thus, each medical hearing panel will have at least one physician, and all will be health care providers, with the expertise to determine the medical issues before them. A medical hearing panel does not, however, have the legal training or expertise to determine the issues of law which may arise.

Contemplating the overlap of the areas of expertise in some cases, the legislature determined that with the agreement of the parties, the Office of Administrative Hearings may transfer an appropriate case or seek counsel from its medical counterpart. This provision affords the flexibility for the separate areas of expertise to work in tandem. The absence of a corollary provision does not expand the jurisdiction of a medical hearing panel, but only underscores the limited jurisdiction of the Medical Commission as authorized by Wyo. Stat. § 27–14–616(b)(iv).

We are mindful of the legislature's express intent that the Wyoming Worker's Compensation Act is to be construed to afford "quick and efficient" determination of a worker's claim. Wyo. Stat. § 27–14–101 (1997). It is inconceivable that the legislature intended cases which are not "medically contested" to proceed to a final decision before a medical hearing panel, only to be reversed on jurisdictional grounds at the point of judicial review. In this light, we urge the Division to carefully review each matter prior to referral to either hearing agency. Even so, we recognize the Division's time and informational constraints may unavoidably result in inappropriate referrals. In that case, upon recognition that the Medical Commission lacks subject matter jurisdiction, the case should be immediately returned to the Division for referral to the Office of Administrative Hearings. To hold otherwise would condone unnecessary waste of time and resources contrary to the intent of the legislature and common sense.

We wish to emphasize that our decision here does not contain any finding or implication that the legal conclusions of the medical hearing panel were in error. No matter how well-reasoned or articulate that decision may be, however, the Medical Commission lacked subject matter jurisdiction. Consequently, the order of the Medical Commission is void *ab initio*. *MN v. CS*, 908 P.2d 414, 416 (Wyo.1995).

## V. CONCLUSION

Wyo. Stat. § 27–14–616(b)(iv) limits the jurisdiction of the Medical Commission to hear only "medically contested cases." A "medically contested case," as defined by the Division, is one in which the primary issue requires the application of a medical judgment to complex medical facts or conflicting diagnoses. In this case, the ultimate issue was an issue of law, thereby placing the case outside the jurisdiction of the Medical Commission. The decision of the district court affirming the order of the Medical Commission is reversed and the case remanded for disposition in accordance with this opinion.