2007 WY 9

**Viola BIRKLE, Appellant (Respondent),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Petitioner).**

No. 05–245.

Supreme Court of Wyoming.

Jan. 18, 2007.

Representing Appellant: Harry G. Bondi of Harry G. Bondi Law Offices, P.C., Casper, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Kristi M. Radosevich, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL,* KITE, and BURKE, JJ.

GOLDEN, Justice.

[¶1] The Wyoming Workers' Safety and Compensation Division (the Division) denied a claim for medical benefits submitted by Viola Birkle. The Office of Administrative Hearings (OAH) entered an order reversing the Division and awarding Birkle benefits. The Division sought review of the OAH order to the district court, which reversed the OAH on substantive grounds, agreeing with the Division that benefits should be denied. Birkle appeals to this Court. We find that the

* Chief Justice at time of expedited conference

OAH never acquired jurisdiction to hear Birkle's contested case, and therefore its proceedings were a nullity; its order void. This appeal is dismissed.

[¶ 2] We initially must note that no party has raised the issue of jurisdiction, but it is always the duty of this Court to assure itself that it has jurisdiction to entertain an appeal. *Plymale v. Donnelly*, 2006 WY 3, ¶ 4, 125 P.3d 1022, 1023 (Wyo.2006); *Paxton Resources, L.L.C. v. Brannaman*, 2004 WY 93, ¶ 17, 95 P.3d 796, 802 (Wyo.2004). We begin with the procedural background of this case when Birkle filed her claim for benefits. The Division denied her claim on the grounds that her injuries were not compensable under Wyoming's Workers' Compensation Act because they were not sufficiently related to her employment.[1] Birkle contested the denial and requested an administrative hearing. From this humble beginning comes the procedural morass we find before us today.

[¶ 3] The Division referred the case to the Medical Commission. Eventually, Birkle filed a motion before the Medical Commission entitled "Employee–Claimant's Motion For Determination of Legal Issue." In the motion, Birkle notes that "[a]t the status conference held herein . . . counsel and presiding officer . . . determined that a legal issue exists." Birkle requested "that the legal issue of whether or not medical bills and any temporary or permanent impairment or disability sustained as a result of such [automobile] accident are covered under Wyoming's Workers' Compensation Act be immediately determined prior to the contested case hearing scheduled for hearing herein on February 11, 2005." In her motion, Birkle suggested that either the Medical Commission determine the issue or refer the matter to the OAH. In response, the Medical Commission entered its "Order Transferring Issue to Office of Administrative Hearings." Specifically, the Medical Commission ordered that

the issue of whether or not medical bills and any temporary or permanent impairment or disability sustained as a result of his [sic] accident are covered under the Wyoming Workers' Compensation Act, as referred to in the *Employee–Claimant's Motion for Determination of Legal Issue* dated October 21, 2004, and attached hereto, shall be referred to the Office of Administrative Hearings.

[¶ 4] The OAH accepted the referral and proceeded with the case under the same case caption as used by the Medical Commission. Whatever record the Medical Commission may have had was not transferred to the OAH. The OAH record (the record on appeal) lacks even the most basic documents, such as the injury report, final determination denying benefits by the Division, or request for review. The hearing before the OAH was limited in scope to the "issue" referred to it by the Medical Commission and it decided the "issue" solely upon briefing by Birkle and the Division. No evidentiary hearing was held nor was there any express stipulation as to any facts by the parties. Ultimately, the OAH entered an order finding that Birkle's injuries at issue were covered under the Wyoming Workers' Compensation Act, and medical benefits should be awarded. The same order also returned the case to the Division. This is the order from which the Division sought review to the district court and is now the subject of the instant appeal before this Court.

[¶ 5] For purposes of this appeal, the procedural problem began when the Division referred the case to the Medical Commission. The Medical Commission only has subject matter jurisdiction over medically contested cases. Wyo. Stat. Ann. § 27–14–616(b)(iv) (LexisNexis 2005); *Jacobs v. State ex rel. Wyo. Med. Comm'n*, 2005 WY 104, ¶ 10, 118 P.3d 441, 444 (Wyo.2005); *French v. Amax Coal West*, 960 P.2d 1023, 1027–28 (Wyo.1998). Generally speaking, a medically contested case is one in which the primary issue(s) requires the application of medical expertise. The Medical Commission has no legal authority to decide issues of law. Since the primary issue in Birkle's case, at least as it has reached this Court, clearly was not a medical issue but rather the legal issue of

---

1. The record contains no evidence of the exact reason why the Division denied Birkle's claim, but the parties generally agree that the Division determined the injuries to be non-compensable.

coverage, the Medical Commission had no authority to proceed with the case.

[¶ 6] Fortunately, the Medical Commission recognized that the case involved a legal issue. Unfortunately for everyone involved, the Medical Commission failed to take the next logical step—dismissing the case for lack of subject matter jurisdiction and returning the case to the Division. This Court has firmly stated that the Medical Commission is obligated to return a contested case to the Division for referral to the OAH when it determines that the case is not primarily a medically contested case. *Jacobs,* ¶ 10, 118 P.3d at 444. "[U]pon recognition that the Medical Commission lacks subject matter jurisdiction, the case should be immediately returned to the Division for referral to the Office of Administrative Hearings." *French,* 960 P.2d at 1030.

[¶ 7] Inexplicably, the Medical Commission proceeded to directly refer the case to the OAH by its own order. The OAH clearly relied upon the order from the Medical Commission referring the "issue" of coverage in assuming jurisdiction of the case. Indeed, the OAH order awarding benefits begins by stating that "[t]his matter came before the Office of Administrative Hearings (Office) upon the November 4, 2004 transfer of case from the Office of the Medical Commission for a determination of a legal issue." The assumption of jurisdiction over Birkle's contested case by the OAH under these circumstances was in error.

[¶ 8] It follows that, since the OAH never legally obtained jurisdiction, its proceedings were a nullity. This includes the final order finding Birkle entitled to medical benefits for her injuries at issue. The OAH order was void, *ab initio.* No order existed from which the Division could seek review, leaving the district court without jurisdiction to entertain the Division's petition for review. The district court's order reversing the OAH consequently also is void. This Court has no appealable final order before it, leaving us with no option but to dismiss this appeal.

[¶ 9] This is not a matter of elevating form over substance; it is a matter of statutory authority which this Court is not at liberty to ignore. It is axiomatic that an agency only has the authority delegated to it by the legislature. *Diamond B Services, Inc. v. Rohde,* 2005 WY 130, ¶ 60, 120 P.3d 1031, 1048 (Wyo.2005). As we said in *French,* returning the case to the Division is the only option for the Medical Commission because, while the OAH has statutory authority to transfer an appropriate case to, or seek advice on a specific medical issue from, the Medical Commission, no corollary provision exists for the Medical Commission to refer a case or any part thereof to the OAH. *French,* 960 P.2d at 1030.

## CONCLUSION

[¶ 10] The OAH never acquired jurisdiction of Birkle's contested case. As such, there is no valid OAH order to be subjected to judicial review. The order of the district court is void, and this appeal is dismissed.

J. KITE, dissenting, in which BURKE, J., joins.

[¶ 11] I would decide this case on the merits. In my view, the majority places form over substance when it dismisses the appeal on the ground the OAH lacked subject matter jurisdiction. Subject matter jurisdiction is "the power to hear and determine cases of the general class to which the proceedings in question belong." *Diamond B Services, Inc. v. Rohde,* 2005 WY 130, ¶ 13, 120 P.3d 1031, 1038 (Wyo.2005) (citations omitted). Under Wyoming's statutory scheme, the OAH is the exclusive agency with the power to hear and determine legal issues in contested worker's compensation cases. Wyo. Stat. Ann. §§ 27–14–602(a) and (b), 27–14–601(k)(v) and 27–14–614(b)(iv) (LexisNexis 2005). Thus, upon referral of this contested case by the Division, the OAH was the only agency with the authority to decide the issue presented. In my view, the fact that the Division mistakenly referred the case to the Medical Commission which then transferred the case to the OAH rather than returning it to the Division for referral to the OAH did not deprive the OAH of subject matter jurisdiction to decide the legal issue presented.

[¶ 12] In reaching this conclusion I acknowledge that, when read narrowly, § 27–14–616(b)(iv) (LexisNexis 2005) and *French v. Amax Coal West,* 960 P.2d 1023 (Wyo. 1998) seem to support the result reached by the majority. *Jacobs v. State ex rel. Wyo. Med. Comm'n,* 2005 WY 104, 118 P.3d 441 (Wyo.2005) would also seem to support the majority. Section 27–14–616(b)(iv) provides: "Following referral by the division, the hearing examiner or hearing panel shall have jurisdiction to hear and decide all issues related to the written notice of objection filed pursuant to W.S. 27–14–601(k)." In *French,* 960 P.2d at 1030, we said: "... upon recognition that the Medical Commission lacks subject matter jurisdiction, the case should be immediately returned to the Division for referral to the Office of Administrative Hearings." In *Jacobs,* ¶ 10, 118 P.3d at 444–45, we said: "When the Medical Commission determined ... there were no medically contested issues before it ... the Medical Commission was obligated to return the case to the Division for referral to the Office of Administrative Hearings."

[¶ 13] In Wyo. Stat. Ann. § 27–14–101 (LexisNexis 2005), the legislature expressed its intent that Wyoming's worker's compensation statutes are to be interpreted to assure the "quick and efficient" delivery of benefits to injured workers and that benefit claims cases are to be decided "on their merits." Mindful of that intent, I would not read the relevant statutory provisions or our case law as narrowly as the majority does. I do not believe § 27–14–616 or *French* mandate dismissal of an appeal involving an exclusively legal issue because, upon an inadvertent referral by the Division, the Medical Commission transferred the matter directly to the OAH, which was the proper authority, for resolution rather than transferring it back to the Division for transfer to the OAH.

[¶ 14] I would interpret § 27–14–616 to mean upon referral by the Division jurisdiction is conferred upon the agency with the authority to decide the issue presented. If the Division inadvertently refers the case to the Medical Commission when it involves a legal issue, the Medical Commission "should," as we said in *French,* return it to the Division for referral to the OAH. *French* did not go so far as to say the Medical Commission had no other option and referral to the OAH instead was impermissible. Moreover, both *French* and *Jacobs* were appeals from decisions rendered by the Medical Commission on contested *legal* rather than *medical* issues. This Court's holding in those cases was that the Commission did not have subject matter jurisdiction to decide the issues it had decided. Rather, upon realizing the issues were purely legal, the Medical Commission was required to transfer the case. The present case is distinguishable in that the Medical Commission did not decide issues it was without authority to decide.

[¶ 15] Contrary to the legislature's intent, the majority's dismissal of this appeal will likely mean the case will return to the Medical Commission for transfer back to the Division where it will be referred to the OAH. Upon a second order from the OAH, it will then be appealed a second time to this Court. That does not constitute quick and efficient delivery of benefits. I would decide the issue presented on its merits.