100 P.3d 848 (2004)
2004 WY 136
In the Matter of the Worker's Compensation Claim of Kirk JACOBS, Appellant (Employee-Claimant),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Objector).
No. 03-222.
Supreme Court of Wyoming.
November 10, 2004.
Representing Appellant: Bill G. Hibbler, Cheyenne, Wyoming.
Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and *849 Kristi M. Radosevich, Assistant Attorney General, Cheyenne, Wyoming.
Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.
VOIGT, Justice.
[¶ 1] Kirk Jacobs (Jacobs) sustained a work-related toe injury in 1982. In 2001, Jacobs filed worker's compensation claims for a lung condition and a knee injury, both of which he claimed were related to the 1982 toe injury. The Wyoming Workers' Safety and Compensation Division (the Division) denied benefits for the lung and knee claims. Jacobs objected to the Division's determination and the matter was referred to the Wyoming Medical Commission (the Commission). Following a contested hearing, the Commission affirmed the Division's denial of benefits. On appeal, Jacobs does not object to the denial of benefits for his knee and lung claims, but rather he takes exception with the Commission's finding regarding the causal connection between the 1982 toe injury and subsequent abdominal pain, an ailment for which he has been receiving worker's compensation payments for over twenty years. We affirm the Commission's determination of the lung and knee claims and will not address the propriety of the Commission's finding about Jacobs' chronic abdominal pain, as that issue is not properly before us.

ISSUE
[¶ 2] Wyo. Stat. Ann. § 16-3-114(a) (LexisNexis 2003) requires that a party must be "aggrieved or adversely affected in fact" to seek judicial review of an agency action. Likewise, the doctrine of ripeness prevents courts from "`entangling themselves'" in an administrative proceeding until a decision has been "`formalized and its effects felt in a concrete way by the challenging parties.'" Industrial Siting Council of State of Wyo. v. Chicago & North Western Transp. Co., 660 P.2d 776, 779 (Wyo.1983) (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967)). In light of these principles, the issue we must consider is whether this Court should review the Commission's finding regarding Jacobs' chronic abdominal pain, when he has not been denied benefits for his chronic abdominal pain.

FACTS
[¶ 3] In 1982, Jacobs sustained a toe injury for which he was paid worker's compensation benefits. The injury became infected and Jacobs was prescribed an antibiotic, Keflex, to treat the infection. After taking the Keflex, Jacobs experienced severe and chronic abdominal pain, which pain has been treated with large amounts of narcotic pain medication for approximately the past twenty years.
[¶ 4] In 2001, Jacobs sought worker's compensation benefits for lung problems and an orthopedic knee problem. Jacobs claimed that both ailments were caused by the pain medication he was taking for his chronic abdominal pain. The Division denied benefits for both the knee and lung claims. Jacobs objected to the Division's final determination and the matter was referred to the Commission for a hearing. The Commission sustained the Division's denial of benefits, finding that Jacobs failed to prove that the pain medication caused his lung or knee problems. As part of its findings, the Commission also stated that Jacobs failed to establish a causal link between the work-related toe injury and his chronic abdominal pain.
[¶ 5] Jacobs filed a petition for review with the district court. In that petition, Jacobs asserted that he was denied due process because he was not provided sufficient notice that the Commission would consider the causal link between his chronic abdominal pain and the toe injury at the hearing regarding his lung and knee claims. The district court affirmed the Commission's decision and this timely appeal followed.

DISCUSSION
[¶ 6] Although Jacobs appeals from the Commission's denial of benefits for his lung and knee injury claims, his primary concern on appeal is with the Commission's finding as to his chronic abdominal pain. Jacobs' appellate brief states "the only denial of medical *850 benefits that is at issue in this appeal is that relating to Mr. Jacobs' injury of his continuing abdominal pain." He concludes his appellate brief by requesting "the Medical Commission's Decision entered in this matter denying benefits for his chronic abdominal pain, be voided...." The problem with this request, and with Jacobs' appeal as a whole, is that nothing indicates that Jacobs has been denied, or will be denied, benefits for his chronic abdominal pain. The Commission's findings of fact and conclusions of law stated:
Following a careful review of all the evidence presented in the case, the Medical Commission finds that Kirk Jacobs has not met his burden of proving that his treatment for breathing and pulmonary problems are related to his September 24, 1982, work injury. He has also not met his burden of proof that arthritis in his knees is related to his work injury. Therefore he is not entitled to medical payment for the benefits in question.
While the Commission affirmed the denial of benefits for Jacobs' lung and knee claims, the findings of fact and conclusions of law contain no language denying Jacobs future benefits for his chronic abdominal pain nor does the record on appeal indicate that Jacobs has been, or will be, denied benefits related to his chronic abdominal pain.

"Aggrieved or Adversely Affected in Fact"
[¶ 7] We have held that "[j]udicial review of an agency action is authorized by Wyo. Stat. Ann. § 16-3-114(a)[[1]] only for those persons `aggrieved or adversely affected in fact' by the challenged action." Jolley v. State Loan and Inv. Bd., 2002 WY 7, ¶ 7, 38 P.3d 1073, 1076 (Wyo.2002).
"An aggrieved or adversely affected person is one who has a legally recognizable interest in that which will be affected by the action. Hoke v. Moyer, 865 P.2d 624, 628 (Wyo.1993). A potential litigant must show injury or potential injury by `alleg[ing] a perceptible, rather than a speculative, harm resulting from the agency action.' Foster's, Inc. v. City of Laramie, 718 P.2d 868, 872 (Wyo.1986). `"The interest which will sustain a right to appeal must generally be substantial, immediate, and pecuniary. A future, contingent, or merely speculative interest is ordinarily not sufficient."' L Slash X Cattle Company, Inc. v. Texaco, Inc., 623 P.2d 764, 769 (Wyo.1981) (quoting 4 Am.Jur.2d Appeal and Error § 180)."
Jolley, 2002 WY 7, ¶ 7, 38 P.3d at 1076-77 (quoting Roe v. Board of County Com'rs, Campbell County, 997 P.2d 1021, 1023 (Wyo.2000)). Jacobs does not present specific facts to demonstrate how he has been injured. Roe, 997 P.2d at 1023. He alleges in his brief that the Commission acted without jurisdiction and that his rights to due process were violated; however, he fails to demonstrate how these alleged errors resulted in him being "aggrieved or adversely affected in fact...." Id. A review of the record reveals no "substantial, immediate, and pecuniary" harm resulting from the Commission's finding. Jolley, 2002 WY 7, ¶ 7, 38 P.3d at 1076. We refuse to speculate as to what effect, if any, the Commission's finding will have on Jacobs.

Ripeness
[¶ 8] Until Jacobs is actually denied benefits for his abdominal pain, that issue is not ripe for our review.
The ripeness doctrine is a category of justiciability "developed to identify appropriate occasions for judicial action." 13 Wright, Miller & Cooper, Federal Practice *851 and Procedure: Jurisdiction § 3529, p. 146 (1975). The basic rationale of the ripeness requirement, like that of the justiciability requirement,
"* * * is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. The problem is best seen in a twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).
Industrial Siting Council of State of Wyo., 660 P.2d at 779. Benefits for Jacobs' chronic abdominal pain have not been denied and no decision determining that issue has been formalized. Until a final determination is made by the appropriate administrative agency, the issue is not fit for our review. This Court cannot reverse or affirm a denial of benefits that has not occurred.

Res Judicata or Collateral Estoppel
[¶ 9] The only perceptible hardship that may befall Jacobs as a result of our withholding consideration of this issue is the possibility that the Commission's statement that Jacobs failed to meet his burden of proof with respect to the abdominal pain may have some future collateral estoppel or res judicata effect. A similar concern was raised in Himes v. Petro Engineering & Const., 2003 WY 5, 61 P.3d 393 (Wyo.2003). There, the Commission denied Himes' request for an increased permanent physical impairment rating. Id., 2003 WY 5, ¶ 9, 61 P.3d at 397. In making that determination, the Commission concluded that Himes failed to prove that her current physical complaints were related to a work injury. Id. The Division then used that finding to inform Himes' health care providers that it would no longer pay for medical treatment for Himes. Id. The Division later conceded that it should not have made any decision regarding Himes' future eligibility for benefits, as the Commission's order contained no language regarding future benefits. Id., 2003 WY 5, ¶ 20, 61 P.3d at 400. However, Himes claimed that this concession was insufficient because so long as the findings regarding causation were in the order, they could possibly have some future res judicata or collateral estoppel effect. Id., 2003 WY 5, ¶ 21, 61 P.3d at 400. Although we acknowledged that those might be available defenses to the Division, we concluded "[i]t is not for this Court to decide if the doctrine of res judicata or collateral estoppel will apply in a future proceeding." Id.
[¶ 10] If Jacobs is denied benefits for his chronic abdominal pain, the Commission's finding that he failed to meet his burden of establishing causation may or may not have a res judicata or collateral estoppel effect. That question, however, will have to be determined when and if it is properly before us.

CONCLUSION
[¶ 11] Because Jacobs has not been denied benefits for his chronic abdominal pain, he was not aggrieved or adversely affected by the Commission's finding that he failed to meet his burden with respect to that issue, and therefore our review is not appropriate. Likewise, until the Division actually denies benefits for Jacobs' chronic abdominal pain and the matter is properly and fully addressed, the issue is not ripe for our review. Finally, we refuse to speculate as to the possible res judicata or collateral estoppel effect of the Commission's finding regarding Jacobs' chronic abdominal pain.
[¶ 12] The Commission's determination is affirmed.
NOTES
[1] Wyo. Stat. Ann. § 16-3-114(a) provides:

Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review in the district court for the county in which the administrative action or inaction was taken, or in which any real property affected by the administrative action or inaction is located, or if no real property is involved, in the district court for the county in which the party aggrieved or adversely affected by the administrative action or inaction resides or has its principal place of business. The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court.