118 P.3d 441 (2005)
2005 WY 104
In the Matter of the Worker's Compensation Claim of Kirk JACOBS, Appellant (Petitioner),
v.
STATE of Wyoming, ex rel., WYOMING MEDICAL COMMISSION and Wyoming Workers' Safety and Compensation Division, Appellees (Respondents).
No. 04-236.
Supreme Court of Wyoming.
August 26, 2005.
*442 Representing Appellant: Bill G. Hibbler, Cheyenne, Wyoming.
Representing Appellees: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and Kristi M. Radosevich, Assistant Attorney General, Cheyenne, Wyoming.
Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.
VOIGT, Justice.
[¶ 1] Kirk Jacobs (Jacobs) appeals from the district court's affirmance of a Medical Commission order denying to him worker's compensation benefits. We reverse and remand to the Medical Commission for further remand to the Wyoming Workers' Safety and Compensation Division (the Division) for referral to the Office of Administrative Hearings for proceedings consistent herewith.

ISSUE
[¶ 2] The parties have listed and briefed four issues, but have failed to address the issue that we consider determinative of this matter: Does the Medical Commission have jurisdiction to reach legal conclusions in a case where it finds there are no medically contested issues?

FACTS
[¶ 3] In 1982, Jacobs suffered a work-related injury when a piece of rebar fell on his right little toe. Jacobs later developed an allergic reaction to an antibiotic used to treat an infection that developed in his foot. In 1996, we stated the following relevant facts in an opinion reversing a hearing examiner's award of home health care to Jacobs:
The reaction manifested itself as colitis and nerve damage which left Jacobs with severe chronic pain and an intermittent inability to accomplish the activities of daily life without assistance.
Jacobs received a seventy-eight percent permanent partial disability award in 1990, and still requires high doses of morphine for reported pain. Approximately $400,000.00 in worker's compensation benefits have thus far been awarded to Jacobs, who continues to receive approximately $3,000.00 per month for morphine alone.
Matter of Workers' Compensation Claim of Jacobs, 924 P.2d 982, 983 (Wyo.1996) (Jacob I). The award of home health care was reversed because Jacobs had not proven the statutorily required mutual agreement among the employer, the employee, and the Division that such care be provided. Id. at 984. The work-relatedness of this condition, characterized throughout these and related *443 proceedings as "chronic abdominal pain," was not the ratio decidendi of our opinion, and we did not directly address the hearing examiner's finding that Jacobs "is a severely disabled individual who is able to function only with the administration of high doses of narcotics."
[¶ 4] In 2001, Jacobs filed worker's compensation claims for lung and knee problems that he alleged were caused by the narcotic pain medication he took for the chronic abdominal pain. The matter was referred to the Medical Commission when Jacobs objected to the Division's claim denial. The resolution of the lung and knee claims was described in Jacobs v. State ex rel. Wyoming Workers' Safety and Compensation Div., 2004 WY 136, ¶ 4, 100 P.3d 848, 849 (Wyo. 2004) (Jacobs II):
The Commission sustained the Division's denial of benefits, finding that Jacobs failed to prove that the pain medication caused his lung or knee problems. As part of its findings, the Commission also stated that Jacobs failed to establish a causal link between the work-related toe injury and his chronic abdominal pain.
[¶ 5] In Jacobs II, Jacobs did not appeal the denial of benefits for his lung and knee problems, but instead, contested what he discerned to be the Medical Commission's denial of medical benefits for the chronic abdominal pain. We declined to address that issue because, despite the Medical Commission's finding that Jacobs had not even proven that the work-related toe injury caused his chronic abdominal pain, Jacobs was not an "aggrieved party" because the Division had not yet denied benefits for the chronic abdominal pain. Jacobs II, 2004 WY 136, ¶¶ 6-8, 100 P.3d at 849-51.
[¶ 6] The Medical Commission's order denying benefits to Jacobs for his lung and knee complaints was issued on February 22, 2003. That denial, which was the focus of Jacobs II, was followed by the Division's Final Determination of March 27, 2003, which addressed Jacobs' periodic claim for medication for chronic abdominal pain, and which stated in relevant part:
The Workers' Compensation Division has reviewed your case and has determined that we can not approve payment of benefits.
Current treatment is not related to the original work injury to the right foot of 9-24-82. (Wyoming Statute XX-XX-XXX(a)(xi))[.]
Jacobs objected to the Final Determination and requested a hearing.[1] That hearing took place before the Medical Commission on October 28, 2003. On November 25, 2003, Jacobs submitted legal arguments in the form of a motion for judgment as a matter of law.[2] His contentions can be summarized as follows:
1. The Division paid benefits for Jacobs' chronic abdominal pain for over twenty years and could only seek modification of the amount of such benefits under Wyo. Stat. Ann. § 27-14-605(a) (LexisNexis 2003). The statute does not allow the Division to seek a redetermination of compensability.
2. The hearing examiner's finding on February 9, 1995, that Jacobs "is a severely disabled individual who is able to function only with the administration of high doses of narcotics," coupled with the confirmation of that fact in Jacobs I, 924 P.2d at 983 ("[t]he reaction manifested itself as colitis and nerve damage which left Jacobs with severe chronic pain"), evidence the fact that the question of whether or not the chronic abdominal pain was work related has been fully litigated. Consequently, the doctrines of collateral estoppel and res judicata prohibit relitigation of the issue.
[¶ 7] The Division subsequently filed a motion to dismiss the claim based upon the following arguments:
1. The issue of the work-relatedness of Jacobs' chronic abdominal pain was previously litigated and determined in the Medical *444 Commission's order of February 22, 2003, which contained the following findings and conclusions:
a. "In this case Mr. Jacobs contends that as a result of this injury he developed an infection in his toe which was treated with Keflex and the Keflex caused abdominal pain which has required his continued use of narcotic pain medication. . . . Obviously critical to this inquiry is whether the abdominal pain and consequent need for medication is related to the work injury."
b. "The burden is on Mr. Jacobs to prove all essential elements of his claim by a preponderance of the evidence. . . . One element is that the chronic abdominal pain requiring pain medication is related to the work injury. An additional element is that the medication is causing breathing problems which require treatment."
c. "Mr. Jacobs has not met his burden of proof that his abdominal pain is related to his work injury. . . . There are many non-work related medical reasons that could equally, if not more likely, explain Mr. Jacobs' complaints and problems."
d. "As the Panel cannot relate his abdominal pain to the work injury, the need for treatment of breathing problems related to medication for abdominal pain also is found not to be compensable."
2. The doctrines of collateral estoppel and res judicata prohibit relitigation of this issue.
[¶ 8] In an order dated January 22, 2004, the Medical Commission granted the Division's motion, based upon the following findings and conclusions:
1. The issue of the compensability of Jacobs' original injury was not in dispute and was not addressed in the hearing examiner's decision dated February 9, 1995, and it was not before the Wyoming Supreme Court in Jacobs I.
2. To the contrary, in the proceedings leading to its February 22, 2003, order, the Medical Commission had the obligation to determine whether the underlying chronic abdominal pain was related to Jacobs' initial work-related injury, and did not find such work-relatedness after a full and fair hearing.
3. The issue having been fully litigated, the doctrines of collateral estoppel and res judicata prohibit its relitigation.
[¶ 9] Jacobs petitioned to have the Medical Commission's decision reviewed by the district court. After reviewing the record and the briefs of the parties, the district court affirmed the Medical Commission's order.[3] Succinctly stated, the district court concluded that collateral estoppel applied to Jacobs' claim as argued by the Division. In other words, the question of the work-relatedness of the chronic abdominal pain claim had been determined against Jacobs in the Medical Commission's February 22, 2003, order and the proceedings leading thereto, and could not now be raised again.

DISCUSSION
[¶ 10] Resolution of this case is dictated by the principles enunciated in French v. Amax Coal West, 960 P.2d 1023, 1027-1030 (Wyo.1998). See also Bando v. Clure Bros. Furniture, 980 P.2d 323, 327-28 (Wyo.1999) and Russell v. State ex rel. Wyoming Workers' Safety and Compensation Div., 944 P.2d 1151, 1154-56 (Wyo.1997). The Medical Commission does not have subject matter jurisdiction in the absence of a medically contested case. "When hearing a medically contested case, the panel shall serve as the hearing examiner and shall have exclusive jurisdiction to make the final administrative determination of the validity and amount of compensation payable under this act." Wyo. Stat. Ann. § 27-14-616(b)(iv) (LexisNexis 2003). When the Medical Commission determined in this instance that there were no medically contested issues before it, all such issues having been previously *445 litigated and determined, the Medical Commission was obligated to return the case to the Division for referral to the Office of Administrative Hearings. French, 960 P.2d at 1030.
Wyo. Stat. § 27-14-616(b)(iv) limits the jurisdiction of the Medical Commission to hear only "medically contested cases." A "medically contested case," as defined by the Division, is one in which the primary issue requires the application of a medical judgment to complex medical facts or conflicting diagnoses. In this case, the ultimate issue was an issue of law, thereby placing the case outside the jurisdiction of the Medical Commission.
French, 960 P.2d at 1030. The Medical Commission has a limited area of expertise, and the legislature did not expect it to have the legal training and expertise to determine issues of law. Id.
[¶ 11] We are mindful of the fact that, because of the complex procedural history of Jacobs' worker's compensation claims, it may assist the parties and the Division if we remark briefly on what we have, and have not, decided in this opinion. Most significantly, we have not decided whether Jacobs' chronic abdominal pain was caused by his 1982 work injury. Neither have we decided whether that particular question has been previously litigated and decided. Thus, we have also not decided whether collateral estoppel or res judicata should be applied to bar his current claim. All we have said is that the Medical Commission is not the proper body to make this last determination. Furthermore, we are not presently situated to answer questions that have not been brought directly to us through proper briefing. For example: (1) does payment of benefits over the years equal a final determination of compensability; (2) if not, does such payment affect the burden of proof; (3) assuming notice is required, did Jacobs have notice that one issue in the lung and knee claim proceedings would be the work-relatedness of the chronic abdominal pain; and (4) was the issue of the work-relatedness of the chronic abdominal pain actually decided in that proceeding, or in some prior proceeding, or not at all? Similarly, although the issue was raised, we have not herein decided whether the Division is required under these circumstances to seek a modification of benefits under Wyo. Stat. Ann. § 27-14-605(a).

CONCLUSION
[¶ 12] The Medical Commission has jurisdiction to hear only medically contested cases. Having concluded that this was not such a case, the Medical Commission did not then have the statutory authority to proceed to consider the legal issues involved.
[¶ 13] Reversed and remanded to the Medical Commission for further remand to the Division for referral to the Office of Administrative Hearings.
NOTES
[1] Although not identified in the Final Determination, other documents in the record reveal that the "current treatment" for which benefits are being denied is the pain medication taken for Jacobs' chronic abdominal pain.
[2] See W.R.C.P. 52(c).
[3] The district court order treated the order of the Medical Commission as an order granting summary judgment, and the parties have not suggested that it was anything other than that. The record does not directly address or explain why this matter was treated in summary fashion after a contested case hearing. The answer apparently lies in the fact that, having determined that the medically contested issues had been litigated and decided in an earlier proceeding, the Medical Commission simply concluded that any facts presented in the current proceeding were irrelevant.