216 P.3d 1128 (2009)
2009 WY 118
In the Matter of the Worker's Compensation Claim of Kirk JACOBS, Appellant (Claimant),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).
No. S-08-0255.
Supreme Court of Wyoming.
September 25, 2009.
*1129 Representing Appellant: Bill G. Hibbler of Bill G. Hibbler, P.C., Cheyenne, Wyoming.
Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General.
Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.
VOIGT, Chief Justice.
[¶ 1] Kirk Jacobs (the appellant) injured his toe in a work-related accident in 1982. He received workers' compensation benefits for a number of conditions related to this accident for many years, including payments for treatment of chronic abdominal pain. In 2003, the Wyoming Workers' Safety and Compensation Division (Division) entered a Final Determination denying further benefits for chronic abdominal pain. The appellant challenged that action and the Office of Administrative Hearings (OAH) determined that the appellant's claim was barred by the doctrine of collateral estoppel. Finding that the OAH erred in applying the doctrine of collateral estoppel, we reverse and remand.

ISSUES
[¶ 2] 1. Did the OAH properly conclude that the appellant's claim for benefits relating to chronic abdominal pain was barred under the doctrine of collateral estoppel?
2. Did the OAH lack jurisdiction to decide the compensability of the appellant's claim because compensability was not challenged pursuant to Wyo. Stat. Ann. § 27-14-605 (LexisNexis 2009)?

FACTS
[¶ 3] This matter began in 1982, when the appellant sustained a work-related toe injury. This appeal is the fourth time the appellant has been before this Court since the original injury. See State ex rel. Wyo. Workers' Comp. Div. v. Jacobs, 924 P.2d 982 (Wyo. 1996) (Jacobs I); Jacobs v. State ex rel. Wyo. Workers' Safety & Comp. Div., 2004 WY 136, 100 P.3d 848 (Wyo.2004) (Jacobs II); Jacobs v. State ex rel. Wyo. Med. Comm'n, 2005 WY 104, 118 P.3d 441 (Wyo.2005) (Jacobs III). In the present appeal, the appellant challenges the denial of benefits for chronic abdominal pain, which pain he insists was related to the original toe injury. The OAH determined that the question of whether the abdominal pain was related to the toe injury had already been conclusively decided, and thus the appellant's claim was barred by res judicata and collateral estoppel. To properly review this decision, we must briefly examine the history of the appellant's claims to determine whether that issue has been decided.
[¶ 4] In Jacobs I, the OAH awarded the appellant non-professional home health care benefits. That award was reversed on appeal. Jacobs I, 924 P.2d at 984. While the compensability of the appellant's chronic abdominal pain was not presented to, or decided by, the OAH, our opinion recognized that the appellant was suffering from such symptoms. We said:
In September of 1982, Jacobs suffered a work-related injury to his right little toe. In February of 1983, Jacobs experienced an allergic reaction to an antibiotic used to treat an infection which had developed in his right foot. The reaction manifested itself as colitis and nerve damage which left Jacobs with severe chronic pain and intermittent inability to accomplish the activities of daily life without assistance.
Id. at 983.
[¶ 5] Jacobs II began in 2001, when the appellant sought benefits for lung and knee problems, claiming they were related to his original injury. Jacobs II, 2004 WY 136, ¶ 4, 100 P.3d at 849. The Division denied benefits and referred the matter to the Wyoming Medical Commission ("Commission") for a hearing. Id. In his opening statement, the appellant's attorney set forth the issues to be presented in the hearing as follows:
These claims, at least to the best of our knowledge, involve two separate medical issues. The first of these issues concerns *1130 [the appellant's] entitlement to supplemental oxygen and related medical costs to this treatment.
. . . .
The second issue, in essence, that needs to be decided here concerns the arthritic and actual bone-on-bone condition of [the appellant's] knees.
Although the knee and lung claims were the only two issues before the Commission, the question of whether the appellant's chronic abdominal pain was related to the original injury was raised at this hearing and discussed in the Commission's findings of fact and conclusions of law in connection with the Commission's consideration of the compensability of the knee and lung claims.
In this case [the appellant] contends that as a result of this injury he developed an infection in his toe which was treated with Keflex and the Keflex caused abdominal pain which has required his continued use of narcotic pain medication. As a result of his need for large amounts of narcotic pain medication, he has developed breathing and pulmonary problems requiring treatment. Obviously critical to this inquiry is whether the abdominal pain and consequent need for medication is related to the work injury. [The appellant] contends the issue of causation of abdominal pain has been previously determined and cannot be relitigated. Initially, [the appellant] has not submitted anything to show there has been a judicial or administrative determination of causation. . . .
. . . .
[The appellant] has not met his burden of proof that his abdominal pain is related to his work injury. A review of the record clearly shows that no health care provider to date has been able to determine the cause of his abdominal pain. At best there is only speculation and conjecture as to causation. There is no objective evidence of colitis and even if antibiotic-induced colitis existed in the early 1980's, a brief bout of such colitis has not been shown to relate to chronic abdominal pain. Clearly the claimed abdominal pain is something of long standing duration. If such were related to claimed colitis such would have resolved long ago and no evidence to the contrary has been shown. . . .
(Footnote omitted). Although the Commission discussed the chronic abdominal pain, it made no specific findings regarding the compensability of such claims. Instead, the Commission's findings of fact and conclusions of law simply stated:
Following a careful review of all the evidence presented in the case, the Medical Commission finds that [the appellant] has not met his burden of proving that his treatment for breathing and pulmonary problems are related to his September 24, 1982, work injury. He has also not met his burden of proof that arthritis in his knees is related to the work injury. Therefore he is not entitled to medical payment for the benefits in question.
[¶ 6] On appeal, the appellant did "not object to the denial of benefits for his knee and lung claims, but rather [took] exception to the Commission's finding regarding the causal connection between the 1982 toe injury and subsequent abdominal pain. . . ." Jacobs II, 2004 WY 136, ¶ 1, 100 P.3d at 849. We affirmed the denial of benefits for the lung and knee claims, and with regard to the appellant's chronic abdominal pain, we found:
Benefits for [the appellant's] chronic abdominal pain have not been denied and no decision determining that issue has been formalized. Until a final determination is made by the appropriate administrative agency, the issue is not fit for our review. This Court cannot reverse or affirm a denial of benefits that has not occurred.
Id. at ¶ 8, at 851.
[¶ 7] While Jacobs II was pending before this Court, several events occurred at the administrative level that led to the appellant's third appeal. In March of 2003, the Division issued a Final Determination denying the appellant benefits for chronic abdominal pain.[1] The Commission held a contested *1131 case hearing on October 28, 2003, to determine the relatedness of the chronic abdominal pain to the original injury. Before the Commission could issue a decision on the merits, both the Division and the appellant filed competing motions requesting summary decision of the matter on grounds of res judicata and collateral estoppel.[2] After considering both motions, the Commission issued an Order Granting Division's Motion for Summary Decision on January 22, 2004. In its order, the Commission sustained the Division's denial of benefits for the appellant's chronic abdominal pain concluding that the claim was barred by the doctrine of collateral estoppel.
[¶ 8] After the district court affirmed the Commission's determination, the matter was again before this Court in Jacobs III. We reversed and remanded, finding that this was not a "medically contested case" and thus the Commission did not have subject matter jurisdiction to decide the claim. Jacobs III, 2005 WY 104, ¶ 10, 118 P.3d at 444-45. Although our decision was confined to the question of the Commission's jurisdiction, we noted the unsettled nature of the appellant's case, stating:
Most significantly, we have not decided whether [the appellant's] chronic abdominal pain was caused by his 1982 work injury. Neither have we decided whether that particular question has been previously litigated and decided. Thus, we have also not decided whether collateral estoppel or res judicata should be applied to bar his current claim.
Id. at ¶ 11, at 445.
[¶ 9] On December 23, 2005, following a remand from this Court, the Commission entered an order remanding the case to the Division, for ultimate referral to the OAH. The OAH issued an order setting the matter for a contested case hearing. No hearing was held; instead, the parties agreed that the matter be decided based on the evidence contained in the appeal file. The OAH issued an order on June 28, 2007, sustaining the denial of the appellant's claim for benefits related to his chronic abdominal pain under the doctrines of res judicata and collateral estoppel. Specifically, the OAH decided that the compensability of the appellant's claim for chronic abdominal pain had already been decided at the January 28, 2003 hearing and resulting order. The district court affirmed this decision and the appellant filed a timely appeal therefrom.

STANDARD OF REVIEW
[¶ 10] When considering an appeal from a district court's review of an administrative agency's action, we give "no special deference to the district court's decision," but instead review the case as if it had come directly from the administrative agency. Dale v. S & S Builders, LLC, 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo.2008). Our review of an administrative agency's action is governed by the Wyoming Administrative Procedure Act, which provides in pertinent part that the reviewing court shall:
(i) Compel agency action unlawfully withheld or unreasonably delayed; and
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
(B) Contrary to constitutional right, power, privilege or immunity;
(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
(D) Without observance of procedure required by law; or
(E) Unsupported by substantial evidence in a case reviewed on the record *1132 of an agency hearing provided by statute.
Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2009).
[¶ 11] This appeal involves only questions of law. "Absent evidentiary dispute, the standard of review for contested case hearings is simply stated as whether an agency's conclusions are in accordance with the law." Parodi v. Wyo. Dep't of Transp., 947 P.2d 1294, 1295 (Wyo.1997). Questions of law are reviewed de novo, and "[c]onclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law." State ex rel. Workers' Safety & Comp. Div. v. Garl, 2001 WY 59, ¶ 9, 26 P.3d 1029, 1032 (Wyo.2001) (citations omitted).

DISCUSSION

1. Did the OAH properly conclude that the appellant's claim for benefits relating to chronic abdominal pain was barred under the doctrine of collateral estoppel?

[¶ 12] The doctrines of collateral estoppel and res judicata apply in the administrative context. Slavens v. Bd. of County Comm'rs for Uinta County, 854 P.2d 683, 685-86 (Wyo.1993). We have explained that although the doctrines are often used interchangeably, collateral estoppel is more often appropriately used in an administrative setting.
In Salt Creek Freightways, we noted that although many cases speak of res judicata in the administrative context, they actually apply collateral estoppel. Salt Creek Freightways [v. Wyo. Fair Employment Practices Comm'n], 598 P.2d [435,] 437 [(Wyo.1979)]. Collateral estoppel is the appropriate doctrine since collateral estoppel bars relitigation of previously litigated issues. Salt Creek Freightways, 598 P.2d at 438 (quoting Roush v. Roush, 589 P.2d 841, 843 (Wyo.1979) (per curiam)). See also Bresnahan v. May Dept. Stores Co., 726 S.W.2d 327, 329 (Mo.1987) (when a fact is properly determined in one legal proceeding, it is given effect in another lawsuit). Res judicata on the other hand bars relitigation of previously litigated claims or causes of action. Salt Creek Freightways, 598 P.2d at 437. See also Batson v. Shiflett, [325 Md. 684,] 602 A.2d [1191,] 1201 [(1992)] (quoting Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Since administrative decisions deal primarily with issues rather than causes of action or claims, collateral estoppel is the appropriate doctrine. Salt Creek Freightways, 598 P.2d at 437.
Slavens, 854 P.2d at 685-86 (emphasis in original). With regard to collateral estoppel, we consider four factors in determining whether the doctrine applies:
(1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.
Wilkinson v. State ex rel. Wyo. Workers Safety Comp. Div., 991 P.2d 1228, 1234 (Wyo. 1999) (emphasis in original) (quoting Slavens, 854 P.2d at 686).
[¶ 13] While we question whether the first and fourth elements of collateral estoppel are satisfied in this case, it is clear that no prior adjudication has resulted in a judgment on the merits, thus the OAH should not have decided the matter on collateral estoppel. In addressing that element, the OAH stated:
Second, the January 28, 2003, contested case hearing resulted in the Medical Commission's February 22, 2003, Findings of Fact, Conclusions of Law and Order of Medical Commission Hearing Panel. The Medical Commission's February 22, 2003, Order is clearly adjudication on the merits. The finality of the Medical Commission's February 22, 2003, Order cannot be contested *1133 as the Order has already been upheld by the Wyoming Supreme Court.
This finding is simply incorrect. To begin, although the February 22, 2003 Order discusses the chronic abdominal pain condition as it related to the appellant's lung and knee problems, the Order makes no specific finding addressing the past, present, or future compensability of any claim by appellant for benefits related to his chronic abdominal pain. Furthermore, the Division's actions following the entry of that Order are inconsistent with the OAH's conclusion that the question of the appellant's chronic abdominal pain was decided in the February 22, 2003 Order. Approximately one month after the February 22, 2003 Order was entered, the Division issued a Final Determination specifically denying benefits related to the appellant's chronic abdominal pain and a second contested case hearing was held addressing that denial. At that contested case hearing, the question of the compensability of the appellant's chronic abdominal pain was properly presented and directly at issue; however, the Commission did not rule on that question, but instead decided the case on grounds of collateral estoppel.[3] A Final Determination denying benefits for chronic abdominal pain and contested case hearing on the merits would have not been necessary if that issue had been determined in the February 22, 2003 Order.
[¶ 14] Finally, the OAH's finding that the compensability of the chronic abdominal pain was decided when this Court affirmed the February 22, 2003 Order in Jacobs II mischaracterizes the nature of that decision. While we sustained the denial of benefits for the knee and lung claims, we specifically found that "benefits for [the appellant's] chronic abdominal pain have not been denied and no decision determining that issue has been formalized" and "[t]his Court cannot reverse or affirm a denial of benefits that has not occurred." Jacobs II, 2004 WY 136, ¶ 8, 100 P.3d at 851.
[¶ 15] Our holding that no final determination was ever entered allowing for application of collateral estoppel is equally applicable to the appellant. In the proceedings below and in this appeal, the appellant asserted that under the doctrine of collateral estoppel the Division is precluded from denying his claims for benefits. His argument is essentially based on the fact that the Division previously paid for the pain medication to treat his abdominal pain and recognized the existence of the condition in Jacobs I. We have said that a claimant is not guaranteed future benefits on the basis of a prior award. Snyder v. State ex rel. Wyo. Workers' Comp. Div., 957 P.2d 289, 293 (Wyo.1998). Furthermore, we find that the statement from Jacobs I falls far short of satisfying the requirements necessary to sustain an assertion of collateral estoppel. Although we mentioned the appellant's abdominal pain in Jacobs I, the compensability of that condition was not at issue and, as we have already discussed, the record on appeal contains no order or final decision on the merits of that claim that would preclude the Division from later challenging the compensability of the appellant's chronic abdominal pain.

2. Did the OAH lack jurisdiction to decide the compensability of the appellant's claim because compensability was not challenged pursuant to Wyo. Stat. Ann. § 27-14-605 (LexisNexis 2009)?
[¶ 16] The appellant asserts that the Division lacked jurisdiction to consider the termination of benefits for his abdominal pain because the Final Determination was improper. Specifically, the appellant asserts that the availability of benefits should have been determined under Wyo. Stat. Ann. § 27-14-605 (LexisNexis 2009), which statute governs modification of benefits previously awarded.[4] The appellant's attempt to apply *1134 this statute to his claim is misplaced inasmuch as the Division was not attempting to modify benefits previously awarded. The Division's Final Determination denying benefits for chronic abdominal pain was not an effort to modify benefits relating to the original toe injury, or retract or modify the previously-uncontested benefits paid in relation to the chronic abdominal pain. Instead, the Final Determination dealt with a new claim and was a separate administrative determination. Thus, Wyo. Stat. Ann. § 27-14-605 did not apply. McIntosh v. State ex rel. Wyo. Med. Commn., 2007 WY 108, ¶ 26, 162 P.3d 483, 491 (Wyo.2007) ("the Division did not contest the compensability of [claimant's] original claim or seek to retract any payments already made to him. Rather, the Division challenged his right to payment of future benefits Therefore, § 27-14-605 is not applicable"); see also Spletzer v. State ex rel. Wyo. Workers Safety Comp. Div., 2005 WY 90, ¶¶ 13-14, 116 P.3d 1103, 1110 (Wyo.2005); Martinez v. State ex rel. Wyo. Workers Comp. Div., 917 P.2d 619, 622 (Wyo.1996).

CONCLUSION
[¶ 17] After carefully reviewing the record on appeal, we are unable to say that a final decision was ever entered determining that the appellant's chronic abdominal pain was, or was not, causally related to his original compensable injury. Thus, the OAH's conclusion that the appellant was estopped from raising a claim for benefits was not in accord with the law. Similarly, we find that collateral estoppel does not preclude the Division from determining the compensability of benefits for the chronic abdominal pain. Finally, because the Division is not modifying an award of benefits, its denial of benefits is not subject to the requirements of Wyo. Stat. Ann. § 27-14-605. We reverse the district court's affirmance of the OAH's order and remand for proceedings consistent with this opinion.
NOTES
[1] The language of the Division's Final Determination is actually quite vague, stating: "Current treatment is not related to the original work injury to the right foot of 9-24-82." While this statement is not clear as to what benefits the Division was denying, the record indicates that the Division's intent was to deny further benefits for treatment of the appellant's chronic abdominal pain.
[2] The unusual procedural course taken here (i.e. filing dispositive motions after a hearing on the merits) appears to have been precipitated by a post-hearing request by the Commission for additional information. The Division objected to the request, arguing that the matter should be decided in its favor based on principles of collateral estoppel and res judicata. Following these motions, the Commission entered an order staying the request for additional evidence and allowing the parties to file dispositive motions.
[3] We note that Jacobs III and the present appeal would have been obviated by a decision on the merits at that point. We also note that based on our review of the record, the evidence and arguments presented at that hearing were likely sufficient to allow a deciding body to reach a conclusion on the question of whether the chronic abdominal pain is causally related to the original toe injury.
[4] Wyo. Stat. Ann. § 27-14-605, entitled "Application for modification of benefits; time limitation; grounds; termination of case; exceptions" reads:

(a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud. The division may, upon the same grounds and within the same time period, apply for modification of medical and disability benefits to a hearing examiner or the medical commission, as appropriate.
(b) Any right to benefits shall be terminated and is no longer under the jurisdiction of this act if a claim for any benefit is not filed with the division within the four (4) year limitation prescribed under subsection (a) of this section. (c) A claim for medical benefits which would otherwise be terminated under subsection (b) of this section and barred under W.S. XX-XX-XXX(a) and (b) may be paid by the division if the claimant:
(i) Submits medical reports to the division substantiating his claim;
(ii) Proves by competent medical authority and to a reasonable degree of medical certainty that the condition is directly related to the original injury; and
(iii) Submits to an examination by a health care provider selected by the division and results of the examination validate his claim.